*Northeast Home Loan LLC v. Nelson*, No. 630-10-12 Wrcv (Teachout, J., July 9, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket 630-10-12 Wrcv** |

**NORTHEAST HOME LOAN LLC**

    **v.**

**JEFFREY J. & NANCY S. NELSON**

### DECISION
### Sanctions for Lack of Good Faith in Foreclosure Mediation

Defendants in this foreclosure action sought foreclosure mediation in an attempt to obtain a modification of the loan involved in this case, which is a first mortgage. They also have a second mortgage, and were seeking to work with both mortgage holders and were apparently interested in either a short sale or a modification and/or refinance of one or both mortgages in an attempt to keep their home of many years and preserve their credit.

Foreclosure mediation was held. As required by statute, this Court then was obliged to make a determination of whether the Plaintiff had complied with its statutory obligations in connection with foreclosure mediation. In an entry order of September 12, 2013, the Court determined that a hearing was necessary on the issue. A hearing was held on October 8, 2013. Based on the information presented at that hearing, the Court issued a Determination on November 18, 2013 with the conclusion that Plaintiff did not participate in foreclosure mediation in good faith for three specified reasons. See Entry Order of November 18, 2013. The Court determined that a further hearing would be held to determine sanctions.

The sanctions hearing was held on January 3, 2014. At that hearing, Plaintiff asked the Court to reconsider the Determination and made offers of proof of facts that Plaintiff's counsel represented it had discovered in researching the matter after the October 8, 2013 hearing and November 18, 2013 Determination. Defendant Nancy Nelson participated in the hearing and disputed many of the facts represented by Plaintiff. The Court questioned the grounds on which a hearing previously held and completed should be reopened for new evidence that was previously available but not introduced at the original hearing. At the close of the hearing, the Court set a deadline of January 31, 2014 for Plaintiff to submit a justification for reopening the evidence on the issue of a determination of good faith compliance, or lack of it.

Plaintiff filed a Sanctions Memorandum on January 30, 2014, and Defendant Nancy Nelson filed a response on February 13, 2014. Plaintiff and Defendants continue

to dispute many details with respect to what took place at the mediation and following it. In its memo, however, Plaintiff did not request that the Court reopen the evidentiary hearing and reconsider the determination of lack of compliance. Rather, Plaintiff instead made many representations of fact about what happened during and after mediation and, in addition, described post-hearing offers made by Plaintiff. Attached to the memo were copies of several pieces of correspondence, and Plaintiff asked the Court to take its representations of factual matters and attached communications into account in determining the level of sanctions. Defendant Nelson responded in detail to the representations of fact and disputed many of them and attached copies of other correspondence.

The parties continue to dispute the accuracy of factual statements made by the Court in the November 18, 2013 Determination. Specifically, Plaintiff emphasizes that at the July 1, 2013 mediation session, there was no full "agreement," but only a tentative preliminary approval, and that the 2 ½ month delay that followed before Plaintiff denied approval of the proposal did not cause Defendants to lose a refinance opportunity for both loans but only the second mortgage loan. Plaintiff also claims that there was only a phone call from its servicer to Defendants after the mediation session and that it was not a debt collection phone call, whereas Defendants claim that there were two phone calls and they were debt collection phone calls made by an agent of Plaintiff with a complete lack of understanding of the fact that mediation had been held there was a pending possible settlement agreement.

The Court does not change its Determination of November 18, 2013 for two reasons. First, Plaintiff no longer seeks reconsideration of that Determination. Second, even if there are some inaccuracies with respect to details of fact, none of the described disputes of fact undercut the essential findings, which were that Plaintiff's agent at the mediation did not have authority to agree to a settlement or modification, Plaintiff (because of its own relationships with Freddie Mae for its own benefit) did not communicate its denial of the proposal to Defendants for 2 ½ months after the mediation session, the delay caused Defendants to be in a position of not being able to take advantage of an approved opportunity to refinance with the second mortgage lender because they did not know what would happen with the first mortgage, and Plaintiff's servicer BSI made at least one direct debt collection telephone call to Defendants, without up-to-date knowledge of the status of the loan, while foreclosure mediation was not yet complete. All of these actions are attributable to Plaintiff and are inconsistent with its obligation to engage in foreclosure mediation with Defendants in good faith. The Determination of November 18, 2013 that Plaintiff failed to comply with its statutory obligations stands.

With respect to sanctions, the Court has considered the memos of both parties. Defendants should not be relieved of the obligations they would have had if the outcome of the mediation had taken place in a timely way. The effect of delays and increased costs, however, were largely caused by Plaintiff and not attributable to Defendants, and they have been exacerbated by Plaintiff's attempt to change the outcome of the October

2

8, 2013 hearing after the fact by seeking to have the Court consider information not provided until after that hearing that could have been provided at the hearing.

A reasonable time period after the July 1, 2013 mediation session for Plaintiff to have notified Defendants of a definitive response was July 15, 2013, but no later than August 1, 2013. The effect of Plaintiff's actions was to delay Defendants' ability to have sufficient knowledge about what their choices were with respect to both the first and second mortgages so that they could determine how to proceed in order to save their equity if possible, minimize their losses, and minimize any effect on their credit rating. That delay has continued to the present. Therefore, the Court suspends the running of interest on the loan for the period of August 1, 2013 to the present.

Furthermore, while Defendants are responsible for reasonable attorneys' fees in connection with this foreclosure action, the Court determines that any attorneys' fees attributable to work performed during this same period is not reasonably attributable to the Defendants' default, and will not be allowed in the accounting.

Therefore, as sanctions the Court suspends interest from August 1, 2013 to July 31, 2014, and disallows any attorneys' fees incurred by Plaintiff during that period.

Dated at Woodstock, Vermont, this 8th day of July, 2014.

Honorable Mary Miles Teachout
Superior Court Judge

3